**Preston T. RIDSDALE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–376.**

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 21, was convicted in Ramsey County District Court in 1979 of aggravated robbery, Minn.Stat. § 609.245 (1980), and was sentenced to a term of 20 years in prison. His target release date is July 11, 1982, and his sentence expiration date is December 6, 1992.

If the Sentencing Guidelines had been in effect at the time of sentencing, petitioner's criminal history score would have been one. Aggravated robbery is a severity level VII offense. The presumptive sentence for such an offense by one with a criminal history score of one is 32 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate release from prison and to discharge from sentence in July 1983.

The district court, in denying relief, stated that petitioner had failed to meet his burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The court also stated that if the Guidelines had been in effect at the time of sentencing, it would have sentenced petitioner to a sentence in excess of the presumptive sentence.

As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the fact that aggravated robbery is a violent offense, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the

welfare of society. We need not address the issue of whether departure would have been justified if the Guidelines had been in effect at the time of sentencing.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.